In Equity. — Knox, who lived in Pennsylvania, owned the house and lot, No. 10, in the town of Knoxville. He wrote a letter to the defendant Wallace, who lived in the neighborhood of Knoxville, requesting him either to sell or get the lot improved. Wallace, in pursuance of this letter, as an attorney for Knox, entered into an article of agreement with the plaintiff Hunter. That Hunter should give $100, take possession of it, and go on to improve; that if Knox did not agree to the sale it was to be void, but Hunter was to be paid for his improvements and keep free possession until paid. The bill charged that the defendant Finley having full notice of these articles, purchased of Knox, and procured a conveyance; upon which he brought an ejectment against the plaintiff, and recovered at law. Upon this statement an injunction had been granted.
Three issues of fact had been referred to a jury, which in substance were, —
1st. Had Finley notice of the sale to the plaintiff at the time he paid the purchase-money, or procured his conveyance?
2d. What was the value of the improvements made by the plaintiff?
3d. Did Knox empower Wallace, either by letter or verbally, to make the contract with the plaintiff? *Page 240 
The jury found that Finley had notice that Knox empowered Wallace both verbally and by letter, to make the contract with the plaintiff, and that the value of the improvements made by the plaintiff was $1,150.
Upon the hearing at March, 1807, it was insisted that the plaintiff should, agreeably to the prayer of the bill, either obtain a conveyance or be paid for his improvements.
at March term, 1807, when the issues were tried, stated to the jury, that, agreeably to the modern practice in equity, answers are uniformly read to the jury.[1] The general rule in relation to which, is, that there must be two witnesses to disprove a fact stated in an answer, or one witness corroborated by circumstances.[2] Though this is the general rule with the Court, who cannot, like a jury, weigh the credibility of testimony, it is not conclusive on the jury, and they may find one way or the other, as they may judge the weight of evidence lies, taking into view the answers which are taken as true in such parts as are responsive to the bill, unless disproved. At that time he was also of opinion that the title of Finley should be voidable, in consequence of his having purchased with notice, and vested in the plaintiff. That Finley should pay all costs, except the costs of Knox's answer, which he should pay himself.
CAMPBELL, J., dubitatur.
[1] See contra, Sugd. 505; but see 2 Caines' C. E. 70.
[2] 6 Johns. 523; Hardin, 530, 544.